IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                         PLAINTIFF

v.                              Case No. 2:08-CR-20047-001

TOMAS HERNANDEZ, JR.                                                              DEFENDANT

## OPINION AND ORDER

Before the Court are Defendant Tomas Hernandez, Jr.'s motion for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines ("U.S.S.G.") Amendments 782 and 788 (doc. 69); an addendum to his PSR prepared by the probation office (doc. 70); and the Government's response in opposition to the motions for reduction (doc. 71). For the reasons set forth below, the Court finds that the motion for reduction of sentence (doc. 69) should be GRANTED.

Tomas Hernandez, Jr. was sentenced to 168 months imprisonment after pleading guilty to possession with intent to distribute more than five grams of methamphetamine. (Docs. 41 & 59). Section 2D1.1 of the guidelines manual was used to determine that Defendant's base offense level was 32. Defendant was then assessed a two-level increase for possessing a weapon and a two-level increase for being an organizer/leader resulting in a base offense level of 36. Defendant received a three-level reduction for acceptance of responsibility, resulting in a total offense level of 33. Since Defendant's criminal history category was determined to be III, his resulting guidelines sentencing range was 168 to 210 months. The Court imposed a sentence at the bottom of that range—168 months. The Court also mandated payment of the $100 special assessment and imposed a fine of $2,500.

"[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) . . . if such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) "establishes a two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). The Court must first determine whether a reduction in this case is consistent with the guidelines, as amended, before then considering "whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Id*.

The parties in this case are in agreement at step one of the analysis that Amendment 782 of the U.S.S.G. would lower Defendant's applicable guidelines range by two levels—from a level 32 to a level 30 base offense level, resulting a total adjusted offense level of 31 and a sentencing range of 135 to 168 months. The Court agrees with the parties that Defendant is eligible for a two-level reduction. The Court must, then, consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, in determining if a reduction of Defendant's sentence is warranted.

The Court has reviewed Defendant's motion, supplemental motion and attachments, the Government's response, and the complete record of this case and has considered all relevant factors under 18 U.S.C. § 3553(a). The Court finds that the need for the sentence imposed to reflect the seriousness of the offense, to afford adequate deterrence, and to protect the public,[1] as

---

[1] 18 U.S.C. § 3553(a)(2)(A)-(C).

well as the need to avoid unwarranted sentencing disparities[2] both weigh in favor of granting the reduction.  The Court considered the remaining 3553(a) factors during Defendant's original sentencing hearing and concluded that a sentence at the bottom of the applicable guidelines range was appropriate.  There is nothing about this case that would persuade the Court that a sentence at the bottom of the amended guidelines range—which would be in line with sentences now received by other defendants with similar records who have been found guilty of similar conduct—would not still be appropriate.  Even if Defendant were sentenced at the bottom of the amended guidelines range to 135 months, Defendant is still facing a significant amount of time in prison and will not be due for release until 2018.  The Court cannot find that a greater sentence is necessary to achieve the goals of sentencing as set out in § 3553.

In addition to the § 3553(a) factors, courts must consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" when determining if a reduction is warranted and the extent of any reduction.  U.S.S.G. § 1B1.10 cmt. n. 1(B)(ii).  In this context, "[t]he court may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment." U.S.S.G. § 1B1.10 cmt. n. 1(b)(iii).  The Government argues that no reduction is warranted "based on Hernandez's disciplinary infractions in prison which include possession of a dangerous weapon; assaulting with serious injury; assaulting without serious injury; possession of an unauthorized item; possession of a non-hazardous tool; failure to stand count; and use of drugs/alcohol."  (Doc. 71, p. 6).  Mr. Hernandez acknowledges he has had disciplinary infractions during his incarceration.  However, his last violation was over a year ago.  Further, Hernandez, as punishment, lost a significant amount of good time credit, was placed in

---

[2] 18 U.S.C. § 3553(a)(6).

3

disciplinary segregation, and lost other privileges, such as commissary, phone use, visitation and email. Hernandez completed the Drug Abuse Education Program, obtained his GED, is participating in a financial responsibility program to make payments towards his court-imposed financial obligations, completed a parenting course and is enrolled in an anger management course.

The Court notes that § 3582 and U.S.S.G. § 1B1.10 give the Court some discretion in determining the extent of any reduction to be awarded. The Court finds that Hernandez is entitled to the reduction to 135 months.

IT IS THEREFORE ORDERED that Defendant's motion for reduction of his sentence (doc. 69) is GRANTED. The Court determines that, upon application of Amendment 782, Defendant has a total offense level of 31 and a criminal history category of III, resulting in an advisory guidelines range of 135 to 168 months. By separate order, the Court will impose a sentence at the bottom of the range of 135 months for the offense of conviction.

Except as otherwise provided, all provisions of the judgment dated March 2, 2009, shall remain in effect.

Defendant's original motion for reduction of sentence (doc. 66), filed *pro se*, is DENIED AS MOOT.

IT IS SO ORDERED this 16th day of November, 2015.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
UNITED STATES DISTRICT JUDGE